# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

**Theodora McCormick**
Member of the Firm
Direct Dial:  (973) 643-5390
E-mail:  tmccormick@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

March 28, 2012

**VIA ECF AND FED EX**
The Honorable Patty Shwartz
United States Magistrate Judge, District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Re:   *Prometheus Laboratories Inc. v. Roxane Laboratories, Inc., et al.*
>        Civil Action Nos. 11-0230 and 11-1241 (FHS)(PS)

Dear Judge Shwartz:

Together with Goodwin Procter, we represent Defendant Roxane Laboratories, Inc. ("Roxane") in the above-captioned matter.  We write in opposition to Prometheus Laboratories Inc.'s ("Prometheus's") March 19, 2012 Motion for Reconsideration of the Court's March 12, 2012 Order finding that the common-interest immunity does not support withholding production of the documents corresponding to Entry Nos. 7-9, 11, 12, 16, 17, 21, 23 and 27 of the Prometheus privilege log.  *See* Civil No. 11-0230, D.I. 59.  Here, reconsideration is not warranted because, as Prometheus's admissions establish, the Court did not overlook any of Prometheus's previously presented arguments.  Moreover, Prometheus has not established that a common legal interest existed between Prometheus and GlaxoSmithKline ("GSK"), rendering Prometheus's common-interest immunity claim baseless.  Accordingly, Roxane respectfully requests that Your Honor deny Prometheus's motion for reconsideration and lift the stay of the Court's March 12, 2012 Order which instructed Prometheus to produce the documents corresponding to Entry Nos. 7-9, 11, 12, 16, 17, 21, 23 and 27 of the Prometheus privilege log.

## I.      Prometheus Has Not Established That Reconsideration Is Warranted

"[M]otions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Here, Prometheus has not established that this Court should reconsider its finding that the common-interest immunity does not support withholding production of the documents corresponding to Entry Nos. 7-9, 11, 12,

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
March 28, 2012
Page 2

16, 17, 21, 23 and 27 of the Prometheus privilege log (or this Court's Order instructing Prometheus to produce the documents purportedly protected by the common-interest immunity). Prometheus's memorandum in support of its motion notes that reconsideration may be warranted when "there may have been an error" in the first ruling or when a decision "may have overlooked" aspects of a party's argument. Civil No. 11-0230, D.I. 59 at 3 (quoting *Nance v. Newark*, Civ. A. No. 97-cv-6184, 2008 WL 508598, at *4 (D.N.J. Feb. 21, 2008); *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003)). Prometheus, however, does not satisfy either of those grounds for reconsideration because Prometheus does not contend: (1) that the Court's ruling "may have been an error" concerning whether the common-interest immunity supports withholding the documents at issue; or (2) that the Court "may have overlooked" any aspect of an argument that was previously before it.

The only argument Prometheus contends that the Court "overlooked" is an argument that Prometheus chose not to present to the Court in its original motion. Tellingly, as Prometheus readily admits, the Court did not consider Prometheus's current argument because Prometheus had "imprecise[ly]" described the withheld documents at issue, characterizing the Prometheus privilege log descriptions as an "oversight."[1] Civil No. 11-0230, D.I. 59 at 4. Prometheus's argument is both illogical and legally unfounded. The Court could not have "overlooked" an argument that Prometheus did not properly place before it. Moreover, the evidence on which Prometheus now relies is not newly discovered, rather it was previously available to Prometheus. Accordingly, it is improper for Prometheus to use such evidence in support of its motion for reconsideration. *See DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980) ("DeLong does not assert that the evidentiary material which it later sought to introduce on the motion for reargument was unavailable or unknown to it at the time of the original hearing. Nor does such reason appear in the record."); *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 683 (E.D. Pa. 2001) ("Nor can we sift through new evidence that, although in existence at the time of trial, was never admitted and may be inadmissible under the Federal Rules of Evidence."). As a result, Prometheus's motion fails to provide a legitimate reason for this Court to reconsider the March 12, 2012 Order which instructs Prometheus to produce documents withheld on the grounds of common-interest immunity.

Furthermore, Prometheus made the strategic decision to withhold its current "common-interest" immunity arguments from both Roxane and the Court. Having made and acted on its

---

[1]   Prior to moving for reconsideration, Prometheus had multiple opportunities to correct its insufficient and imprecise privilege log entries to provide a description commensurate with the argument Prometheus now makes to the Court. Nevertheless, Prometheus did not amend its privilege log entries: (1) during or after its February 8, 2012 meet and confer with Roxane on privilege log issues; (2) when preparing the February 13, 2012 Joint Letter to the Court on privilege log issues; or (3) in the supplemental privilege log that Prometheus served on March 8, 2012. Indeed, to this day, Prometheus has not provided amended entries to Roxane. Prometheus also could have presented its withheld documents to the Court for *in camera* review with the parties' February 13, 2012 Joint Letter to the Court on privilege log issues, but Prometheus chose not to do so.

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
March 28, 2012
Page 3

decision, Prometheus cannot now argue that the Court "overlooked" Prometheus's previously available, but newly minted, argument. In other words, Prometheus cannot manufacture an "overlooked" argument by withholding the "overlooked" argument in the first instance. For these reasons alone, Prometheus's motion for reconsideration should be denied.

## II.    Prometheus's Claim For Common-Interest Immunity Is Baseless

GSK and Prometheus entered an Asset Purchase Agreement ("the Agreement") in which GSK agreed to indemnify Prometheus against liability arising from GSK's representation that GSK owned the patents-in-suit.  Prometheus contends that as a consequence of the Agreement, Prometheus and GSK had a common "legal interest in defending against an attack on GSK's chain of title" in relation to the patents-in-suit.  Civil No. 11-0230, D.I. 59 at 4.  Prometheus further contends that the withheld documents at issue relate to the chain of title for the patents-in-suit, and that the common-interest immunity therefore applies to those documents.  Prometheus's argument – made for the first time in Prometheus's motion for reconsideration – fails to meet this Court's high standard for demonstrating that a common-interest exists.

As the Court noted in its March 12, 2012 Opinion, "the rationale for the common interest privilege [is] namely to enable 'counsel for clients facing a common litigation opponent to exchange privileged communications.'"  Baton Decl. (Civil No. 11-0230, D.I. 59-2) Ex. B at 11 (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 94 (3d Cir. 1992)).  This rationale, however, does not apply here.  According to Prometheus, under the Agreement, GSK's is obligated to indemnify Prometheus if GSK's chain of title is successfully challenged.  Assuming that is true, GSK's alleged agreement to indemnify Prometheus does not constitute an agreement to co-litigate with Prometheus against a claim challenging GSK's chain of title for any of the patents-in-suit.  Therefore, GSK has no more than a monetary interest in the outcome of any challenge to the chain of title for any of the patents-in-suit.  Such a monetary interest does not create a common legal interest.

Moreover, even if GSK had agreed to co-litigate against a claim challenging the chain of title, the mere discussion of possible future litigation is not protected by the common-interest immunity.  *See* Baton Decl. (Civil No. 11-0230, D.I. 59-2) Ex. B at 14 (citing *AMEC Civil LLC v. DMJM Harris Inc.*, Civ. A. No. 06-064 (FLW), 2008 WL 8171059, at *3 (D.N.J. July 11, 2008)).  Nothing in the Agreement suggests that either GSK or Prometheus believed – or had any reason to believe – that a third party would challenge GSK's chain of title to the patents-in-suit (Baton Decl. (Civil No. 11-0230, D.I. 59-2) Ex. C at PLI-00570216-217), and Prometheus has not argued the contrary.  Indeed, Prometheus has not provided any evidence that there has ever been a challenge to GSK's chain of title concerning any of the patents-in-suit.

The only case that Prometheus cites in support of its argument, *American Eagle Outfitters, Inc. v. Payless ShoeSource, Inc.*, 07-cv-1675, 2009 WL 3786210 (E.D.N.Y. Nov. 12, 2009), is inapposite for at least two reasons.  First, in *American Eagle*, the assignor agreed to **defend** the assignee with respect to claims challenging the validity of the assignment: "Their

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
March 28, 2012
Page 4

common interest is fortified by the indemnification provision in the assignment agreement which requires Jimlar to defend and indemnify Payless with respect to claims by AEO attacking the validity of the assignment of Jimlar's assets to Payless." *Id.* at *3. The *American Eagle* Court's recognition of a common-interest immunity in view of the indemnification provision in that case is consistent with this Court's identification of the rationale underlying the common-interest immunity, *i.e.*, enabling open communication between counsel for clients facing a common litigation opponent. That rationale does not exist here because the indemnification clause in the Agreement does not obligate GSK to defend Prometheus. Second, the assignment agreement at issue in *American Eagle* anticipated a very ***specific*** litigation between the assignee and a ***known and identified*** third party arising out of a separate agreement. *Id.* In sharp contrast, the agreement between Prometheus and GSK neither anticipates any specific litigation regarding the chain of title for the patents-in-suit nor identifies a specific third party that might initiate such litigation. Baton Decl. (Civil No. 11-0230, D.I. 59-2) Ex. C.

For these additional reasons, the Court should deny Prometheus's motion for reconsideration.

## III.    Conclusion

For the foregoing reasons, Roxane respectfully requests that Your Honor deny Prometheus's motion for reconsideration and lift the stay of this Court's March 12, 2012 Order (Civil No. 11-0230, D.I. 55) directing Prometheus to produce the documents corresponding to Entry Nos. 7-9, 11, 12, 16, 17, 21, 23 and 27 of the Prometheus privilege log.

Respectfully submitted,

Theodora McCormick

cc:     All Counsel of Record
        via ECF and Email